## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

LaRHONDA SHEPARD, for herself and on
behalf of those similarly situated,          CASE NO.:

     Plaintiff,

vs.

AC DISASTER CONSULTING
LLC, a Texas Limited Liability Company,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LaRHONDA SHEPARD ("Plaintiff"), brings this action on behalf of herself and other current and former similarly situated employees, by and through undersigned counsel, files this Complaint against Defendant, AC DISASTER CONSULTING LLC ("Defendant"), to recover from Defendant overtime pay as required by the Fair Labor Standards Act, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. Venue is proper in this District because Defendant maintains its headquarters in this District.

4. This action is intended to include each and every hourly paid Disaster Recovery Specialist employee who worked for Defendant at any time within the past three (3) years.

## PARTIES

5. Defendant operates a nationwide emergency management firm which "provides planning, response, recovery and mitigation services to the public and private sectors before, during and after a natural disaster or catastrophic event." *See* https://acdisaster.com/.

6. Defendant is a Texas Limited Liability Company, with its principal place of business located in Arlington, Texas.

7. At all times material hereto, Defendant was, and continues to be, a Texas Limited Liability Company conducting business across the country, including in multiple U.S. territories.

8. Defendant employs Disaster Recovery Specialists throughout the United States and its territories, all of whom were subject to Defendant's uniform pay practices.

9. At all times material hereto, Plaintiff was a citizen of St. Tammany Parish, Louisiana, working remotely for Defendant's business.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, including but not limited to, work in this judicial district.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant is, and continues to be, "an enterprise engaged in commerce."

13. At all times material hereto, Defendant is, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

14.     At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including, such as telephones, desks, chairs, and computers, which were used directly in furtherance of Defendant's business.

16.     At all times material hereto, Defendant simultaneously operated in two or more states and/or territories.

17.     At all times material hereto, Plaintiff regularly traveled across state lines in furtherance of Defendant's business, and was thus subject to individual coverage under the FLSA.

18.     At all times material hereto, the work performed by Plaintiff was directly essential to Defendant's business.

## STATEMENT OF FACTS

19.     On June 17, 2020, Defendant hired Plaintiff as a full-time, benefits-eligible Disaster Recovery Specialist employee.

20.     Plaintiff's employment continued through May 26, 2023.

21.     At all times during her employment, Defendant compensated Plaintiff at a rate of $25.00 per hour for all hours credited worked.

22.     Plaintiff routinely worked in excess of forty (40) hours each week.

23.     Plaintiff regularly worked over seventy (70) to eighty (80), and on many occasions, over eighty (80) hours in a workweek.

24.     Despite working overtime hours for Defendant in virtually every week of her

employment, Plaintiff was not paid an overtime premium.

25. Instead, Defendant paid Plaintiff solely her "regular rate" of pay for overtime hours credited worked, with no overtime premium.

26. Defendant's uniform pay practices, including its payment of straight time for overtime, were applied to its full-time, benefits-eligible Disaster Recovery Specialists ("those similarly situated").

27. Defendant failed to compensate Plaintiff and those similarly situated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in each workweek, as a result of Defendant's uniform pay practices which compensated overtime hours at straight time rates.

28. Plaintiff and those similarly situated should be compensated at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

29. Defendant knew that Plaintiff and those similarly situated to Plaintiff performed hours of work, including overtime hours, for which they were not properly compensated.

30. Defendant paid its full-time, non-benefits-eligible Disaster Recovery Specialists overtime premiums for their overtime hours.

31. Defendant's non-benefits-eligible Disaster Recovery Specialists performed similar if not identical duties under similar if not identical conditions to Plaintiff and Defendant's other benefits-eligible Disaster Recovery Specialists.

32. Defendant's payment of overtime premiums to its non-benefits-eligible Disaster Recovery Specialists demonstrates that Defendant's failure to pay Plaintiff and those similarly situated benefits-eligible Disaster Recovery Specialists overtime was knowing, willful and in

reckless disregard of its obligation under the FLSA.

33.     Defendant has violated Title 29 U.S.C. §207 from at least June 17, 2020, continuing through at least May 26, 2023, in that:

    a.  Defendant failed to pay Plaintiff and those similarly situated overtime premiums for all hours worked over forty (40);

    b.  No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the statutory rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage; and

    c.  Failed to maintain accurate daily time records as required by the FLSA and parallel state and territory laws, due to Defendant's policy of not permitting Plaintiff and those similarly situated, to record time exceeding eighty-four (84) hours per week.

34.     Defendant also failed to comply with the recordkeeping requirements of multiple states and territories, because they failed to: (a) provide adequate notice to Plaintiff and those similarly situated of their proper rates of overtime pay; (b) failed to include and/or compensate Plaintiff for all hours worked; and (c) provided inaccurate pay statements.

35.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated, as Defendant knew or with reasonable diligence should have known that Plaintiff and those similarly situated were entitled to be paid for all of their overtime hours at an

overtime rate. This is evident because Defendant paid overtime premiums to non-benefits-eligible employees performing the exact work as Plaintiff.

36. Plaintiff performed work for Defendant in operations in Oregon and Florida, as well as remotely when she worked in Louisiana, and experienced the same policies and practices throughout her employment.

37. Upon information and belief, the policies at issue were applied across all of Defendant's jobsites and to all benefits-eligible Disaster Relief Specialists and were not specific to Plaintiff.

38. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

39. The additional persons who may join this action are those similarly situated to Plaintiff, nationwide, who also were not paid lawful overtime wages due to Defendant's policies and practices described above.

40. As such, on information and belief, Defendant's policies as described herein apply to all similarly situated workers, nationwide.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff and the putative collective members are full-time, benefits eligible Disaster Recovery Specialists for Defendants business and performed the same or similar job duties as one another, as the result of holding a common job title and by subject to the same duties and responsibilities.

42. Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all subject to Defendant's policy and practice of not paying overtime premiums for hours over forty in a workweek, as required by the FLSA, and instead

paying only the regular hourly rate for such hours, such that they were deprived of proper overtime premiums owed under the law.

43. Defendant's uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA through failure to pay Plaintiff and the putative collective members the required overtime wages due.

44. These policies and practices were equally applicable to Plaintiff and those similarly situated.

45. Accordingly, the putative collective members are properly defined as:

> **All full-time benefits-eligible "Disaster Recovery Specialists" who worked for Defendant in the three years prior to the date the Complaint in this matter was filed.**

46. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the putative collective members.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

47. Plaintiff re-alleges paragraphs 1 through 46 of the Complaint, as if fully set forth herein.

48. For at least the three years preceding the filing of this Complaint, in one or more workweeks, Plaintiff and those similarly situated worked in excess of forty (40) hours for which they were not compensated at the statutory rate of one and one half their regular rates of pay.

49. Plaintiff and those similarly situated were, and are entitled to be paid at the statutory rate of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

50. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half

7

times her regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

51. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and those similarly situated at a rate of at least one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek, when it did pay such overtime premiums to individuals who performed the exact same work, but were not benefits-eligible.

52. Due to common policies and practices described herein, Plaintiff and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

53. Plaintiff and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for overtime premiums on hours worked in excess of forty (40) hours per workweek while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment interest to the extent Liquidated Damages are not awarded.

    d. Awarding Plaintiff post-judgment interest;

    e. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

    f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.   Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 21st day of July, 2023.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch, Esq.
FL Bar No. 27777
afrisch@forthepeople.com
Angeli Murthy, Esq., B.C.S.
*(pro hac vice forthcoming)*
FL Bar No.: 088758
amuthy@forthepeople.com
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) WORKERS
Fax:    (954)-327-3016
*Trial Counsel for Plaintiff*